IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARIA LILIA VILLA, #45240-177,** § | | |
| Petitioner, § | | |
| v. § | | **CIVIL NO. 3:16-CV-1408-N-BK** |
| § | | **(Criminal No. 3:12-CR-320-N-14)** |
| **UNITED STATES OF AMERICA,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, it is recommended that the motion be **DENIED**.

**I. BACKGROUND**

In October 2012, Petitioner pled guilty to conspiring to possess with intent to distribute 500 grams or more of methamphetamine and, in July 2014, was sentenced at the bottom of the guideline range to 292 months' imprisonment and a five-year term of supervised release. Crim. Doc. 591. On April 20, 2015, her appeal was dismissed on the government's motion to enforce Petitioner's appeal waiver. Crim. Doc. 645. In this timely section 2255 motion, filed on April 20, 2016, Petitioner alleges ineffective assistance of counsel. Doc. 1 at 4. The government has filed a response in opposition, Doc. 5, and Petitioner has filed a reply. Doc. 6.

**II. ANALYSIS**

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th

Cir. 1991)). Under section 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001); *see* 28 U.S.C. § 2255 (requiring a showing that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) the sentence "was in excess of the maximum authorized by law"; or (4) the sentence is otherwise "subject to collateral attack.").

### A. Appellate Counsel's Failure to File a Petition for Writ of Certiorari – Claim 1

Petitioner asserts appellate counsel rendered ineffective assistance in failing to notify her in Spanish of the right to petition for writ of certiorari after the United States Court of Appeals for the Fifth Circuit affirmed her sentence. Doc. 1 at 4. She avers she does not speak English and counsel "did not have anyone translate via phone, email, or correspondence . . . her right to continue appealing." *Id*. In her reply, Petitioner asserts for the first time that "she asked [counsel] to file a petition in the Supreme Court" and that counsel "did not advise [Petitioner] of his intentions not to file, or, give instructions on what could be done." Doc. 6 at 2. She claims she was prejudiced when counsel wrote to her in English knowing that she would not understand the correspondence. Doc. 6 at 2-3.

While a criminal defendant has no right to counsel when filing a petition for writ of certiorari in the United States Supreme Court. *Wainright v. Torna*, 455 U.S. 586, 586 (1982) (citing *Ross v. Moffitt*, 417 U.S. 600, 617 (1974)). "And where there is no constitutional right to counsel, there cannot be constitutionally ineffective assistance of counsel." *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)) (denying section 2255 motion because no ineffective assistance of counsel for failure to file timely petition for a writ of certiorari since defendant had no constitutional right to counsel

2

in seeking review of the Supreme Court); *Hernandez v. United States*, No. 3:12-CV-0921-B-BK, 2013 WL 625752 *2 (N.D. Tex. Jan. 29, 2013), *recommendation accepted*, 2013 WL 632107 (N.D. Tex. Feb. 20, 2013) (same).  Nonetheless, appellate counsel is required under the Criminal Justice Act to notify the defendant of the right to seek certiorari review in the United States Supreme Court.  *See United States v. Johnson*, 308 F. App'x 768, 769 (5th Cir. 2007) (citing *Lacaze v. United States*, 457 F.2d 1075, 1076 (5th Cir.1972); *Ordonez v. United States*, 588 F.2d 448, 449 (5th Cir.1979)).

Upon review of the record, the Court finds that appellate counsel timely notified Petitioner of her right to petition the United States Supreme Court for writ of certiorari.  According to counsel's *Motion Suggesting Futility of Petition for Writ of Certiorari and Requesting Relief from Appointment*[1], filed on May 28, 2015 in the Court of Appeals, counsel advised Petitioner—by mail and email—of her right to file a petition for certiorari and the deadline to do so, both mail and e-mail.  Counsel avers in the motion to withdraw that Petitioner failed to respond.  While Petitioner contends that counsel failed to adequately advise her, she offers no evidence to refute counsel's averment in the motion that he did so via mail and email, or to establish that she did not receive such correspondence.  Moreover, Petitioner's unsworn assertion, made for the first time in her reply, that she asked counsel to file a petition for writ of certiorari, Doc. 6 at 2, is also wholly unsupported.  Finally, insofar as Petitioner suggests counsel had a duty to communicate to her in Spanish the right to pursue a writ of certiorari, she has not presented any authority in support of that proposition, and the Court has found none.

Accordingly, Petitioner's first ground for relief lacks merit.

---

[1] The motion is available on the docket sheet for Fifth Circuit Appeal No. 14-10830 on PACER Case Locator, https://pcl.uscourts.gov/search (last visited Sept. 28, 2017).

### B. Ineffective Assistance of Counsel

Petitioner's claim of ineffective assistance of counsel fares no better. To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). To prove the deficient performance under *Strickland*, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. That said, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

To demonstrate prejudice in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Further, to prevail on a claim of ineffective assistance of counsel at sentencing, the petitioner must demonstrate that his sentence was increased on account of the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-204 (2001). Failure to establish either deficient performance or prejudice defeats the claim. *Strickland*, 466 U.S. at 697.

#### 1. Counsel's Failure to Advise about Consequences of Guilty Plea Rendered Plea Unknowing and Involuntary – Claims 2-3

Petitioner asserts counsel was ineffective for failing to advise her in Spanish of the consequences of pleading guilty, resulting in her entering a plea that was not knowing and

4

voluntary.[2] Doc. 1 at 5. She maintains the Plea Agreement and Presentence Report (PSR) that counsel mailed to her were in English, Doc. 6 at 3, and no translator was present "when it came time to reading the plea and breaking it down, as to consequences and ramifications," specifically the drug weight. Doc. 1 at 5. She also claims counsel did not explain "what said drug weight could trigger" or otherwise discuss the PSR. Doc. 1 at 5; Doc. 6 at 3. Petitioner avers a "translator should have read the plea in its entirety, and wrote [sic] down what it meant, what pleading guilty to the drug weight could trigger, as to sentencing, and the options of objecting to the PSR, which could have also placed the Petitioner in a lower sentencing frame." Doc. 1 at 5. Petitioner further claims that counsel did not discuss with her the plea offer(s) and the pros and cons of deciding whether one plea was better than another one. Doc. 1 at 6-7.

Again, the record belies Petitioner's claims. At re-arraignment, Petitioner admitted that the Plea Agreement, and Factual Resume had been translated into Spanish and read to her, and that she understood each document. Crim. Doc. 610, at 16, 24. She affirmed that she had reviewed each document with counsel and discussed how the sentencing guidelines might be applied in her case. Crim. Doc. 610 at 8, 14-15, 16, 24. She further agreed that she was fully satisfied with the representation and advice that she had received from counsel. *Id.* at 15. Additionally, Petitioner affirmed that she understood that by pleading guilty to Count 1 of the indictment, she was subject to a full range of punishment–including imprisonment of ten years to life. Crim. Doc. 610 at 21-22. Petitioner averred that she understood that only the Court would

---

[2] The Court addresses the challenge to the voluntariness of the guilty plea only in conjunction with Petitioner's ineffective assistance of counsel claim. Otherwise, the Court agrees with the government that such a claim is procedurally barred because it was not raised on direct appeal. *See Bousley v. United States,* 523 U.S. 614, 621 (1998) (voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review).

determine and assess her sentence after considering the Presentence Report (PSR) and consulting the Sentencing Guidelines. Crim. Doc. 610 at 6, 8-9. She further agreed that she would be bound by her plea even if the sentence was higher than expected. Crim. Doc. 610 at 22.

Petitioner offers no reliable evidence to rebut the record summarized above or the Court's finding that her guilty plea was knowing and voluntary. Crim. Doc. 610 at 25. In her reply, she declares for the first time that "[d]uring her hearing, she was told to say yes." Doc. 6 at 3. However, that assertion is self-serving and uncorroborated and, thus, insufficient to overcome her sworn testimony and conduct during the plea proceedings. *See Cervantes*, 132 F.3d at 1110 (noting that the petitioner must produce "independent indicia of the likely merit of [his] allegations" to overcome re-arraignment testimony and plea agreement, which refuted the petitioner's allegations).

Moreover, any discussion of the PSR and any enhancement prior to re-arraignment would have been impossible because the PSR had yet to be prepared. Doc. 6 at 3. As the Court informed Petitioner at re-arraignment, the PSR would be prepared by a probation officer to assist the Court at sentencing. Crim. Doc. 610 at 26. The Court told Petitioner that she would be interviewed and asked to provide information for the PSR, and warned her that her "degree of cooperation could be a factor in the severity of [her] sentence." *Id.* That notwithstanding, as mentioned previously herein, Petitioner affirmed under oath that she had discussed with counsel how the sentencing guidelines might be applied in her case. Crim. Doc. 610 at 8. Also, at sentencing, Petitioner acknowledged that she had reviewed the PSR and all objections to the PSR as well as the Addendum and supplement. Crim. Doc. 614 at 2, 5.

Other circumstances contradict Petitioner's claims as well. Petitioner had ample opportunity between the entry of her guilty plea and sentencing – more than 15 months later – to

6

advise the Court that her guilty plea was involuntary, that counsel had misadvised her about the consequences of her plea, or that she was dissatisfied with defense counsel's conduct. Yet, she did not do so – strongly suggesting that her current allegations are the product of hindsight influenced by displeasure with the sentence she received. Based on the record, however, the Court concludes that counsel did not perform deficiently in advising Petitioner about the consequences of her guilty plea.

In any event, Petitioner has wholly failed to demonstrate prejudice – namely that but for her counsel's allegedly erroneous advice, she would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. Petitioner has offered no proof that she even considered doing anything other than pleading guilty.

Accordingly, the Court concludes that Petitioner has failed to establish that her guilty plea was not knowing and voluntary, let alone that counsel was ineffective. Thus, Petitioner's second and third claims fail.

### 2. Counsel's Failures at Sentencing – Claim 4 & "additional grounds"

Petitioner's claims of ineffective assistance of counsel at sentencing likewise fail. Doc. 1 at 8, 13-18. She asserts counsel failed to seek a reduction under U.S.S.G. § 5K1.1. Doc. 1 at 8. However, at sentencing, the Court granted the government's motion for a one-level reduction under section 5K1.1 due to Petitioner's cooperation and substantial assistance. Crim. Doc. 615 at 14; Crim. Doc. 576 (*Government's Motion for Downward Departure Pursuant to U.S.S.G. § 5K1.1*). Moreover, contrary to Petitioner's assertion, defense counsel did object to the leader/organizer enhancement, Crim. Doc. 554 at 18-23, and, at sentencing, offered evidence in support of the objection that included Petitioner's testimony about her role in the offense, Crim. Doc. 615 at 6-7. That counsel was not successful in challenging the leadership enhancement

7

does not equate to ineffective assistance. *See Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) (holding that unsuccessful efforts do not constitute ineffective assistance of counsel).

Additionally, in light of evidence of Petitioner's extensive involvement in the drug distribution enterprise, she plainly did not qualify for a minor role adjustment despite the arguments raised in her reply. Doc. 6 at 3. Indeed, if the Court found that the evidence supported application of the leader-organizer enhancement, any argument for a minor role adjustment would have been dead in the water. Thus, counsel was not ineffective for failing to seek such an adjustment. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (counsel is not ineffective for failing to raise a frivolous objection); *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (explaining that "[a]n attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); *see also United States v. Lewis*, 467 F. App'x 298, 299 (5th Cir. 2012) (*per curiam*) (same as to meritless guideline objection).

Next, Petitioner claims counsel should have objected to the two-level enhancement for "recooking methamphetamine" and for possessing a dangerous weapon. Doc. 1 at 15-16. However, the PSR did not apply an enhancement for "recooking methamphetamine," and mentioned the latter only in connection with the enhancement for maintaining two premises for manufacturing or distributing a controlled substance. Crim. Doc. 227-1 at 10, PSR ¶¶ 11. Furthermore, defense counsel was not ineffective for failing to offer the frivolous objection that the gun enhancement was not charged in the indictment. Doc. 1 at 15 ("gun bump" argument); *Preston*, 209 F.3d at 785. After the Supreme Court's decision in *Booker v. United States,* 543 U.S. 220, 258-65 (2005), which rendered the Sentencing Guidelines advisory, "[t]he sentencing

8

judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." *United States v. Whitfield,* 590 F.3d 325, 367 (5th Cir. 2009); *see also Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886, 892 (2017) ("the advisory Guidelines do not fix the permissible range of sentences" and merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range.").

Likewise, Petitioner's contention that the safety valve applied to her case has no basis. Doc. 1 at 16. Since her advisory guideline range (292-365 months) was significantly higher than the ten-year mandatory minimum, Petitioner did not qualify for safety valve consideration under U.S.S.G. § 5C1.2, which applies only when a defendant's advisory guideline range is below the statutory minimum required for the offense of conviction. *See United States v. Miller*, 179 F.3d 961, 964 (5th Cir. 1999) ("The safety valve-provision is an exception to the general rule under the Guidelines that, if the statutory mandatory minimum sentence is greater than the maximum Guideline range, the statutory sentence must be the Guideline sentence."). Again counsel was not required to make a frivolous objection or argument. *See Preston*, 209 F.3d at 785.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate, set aside, and correct sentence under 28 U.S.C. § 2255 be **DENIED**.

**SIGNED** October 30, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

10